LEON AND EDDIE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15914.   Promulgated June 14, 1948.

*Saul S. Freeman, C. P. A.*, for the petitioner.
*Thomas R. Wickersham, Esq.*, for the respondent.

OPINION.

BLACK, *Judge*: The Commissioner has determined a deficiency in petitioner's excess profits tax for the fiscal year ended August 31, 1941, of $554.20. To this determination of the Commissioner the petitioner assigns error as follows:

In determining the excess profits credit of the petitioner for the fiscal year ended August 31, 1941, based on income of the base period years, the Commissioner erroneously reduced the excess profits net income of the petitioner's base period year ended August 31, 1940 by the sum of $3,111.29, representing three twelfths of the deficit of $12,445.15 in excess profits net income for the petitioner's base period year ended August 31, 1939.

The facts have been stipulated and we summarize them as follows:

The petitioner is a New York corporation, with its principal office in New York City. Within the time provided by law the petitioner filed an excess profits tax return (Form 1121) for its fiscal year ended

August 31, 1941, with the collector of internal revenue of the third district of New York, showing a tax due of $2,354.63.

The excess profits credit for the fiscal year ended August 31, 1941, was determined by the petitioner and the Commissioner under the method based on income. The excess profits net income or deficit in the excess profits net income of the petitioner, as defined under sections 711 (b) and 713 (c), respectively, of the Internal Revenue Code, for the four fiscal years comprising its base period were as follows:

| | |
|---|---|
| Year ended Aug. 31, 1937, deficit in excess profits net income | ($11, 098. 48) |
| Year ended Aug. 31, 1938, deficit in excess profits net income | (11, 299. 36) |
| Year ended Aug. 31, 1939, deficit in excess profits net income | (12, 445. 15) |
| Year ended Aug. 31, 1940, excess profits net income | 21, 444. 75 |

In calculating the excess profits net income of the base period year ended August 31, 1940, as limited by section 713 (f) (7), in order to determine the average base period net income under section 713 (f) of the Internal Revenue Code, the petitioner reduced the actual excess profits net income of $21,444.75 by the sum of $5,361.19 to $16,083.56. The reduction of $5,361.19 represents three-twelfths of the excess profits net income of $21,444.75 for the base period year ended August 31, 1940. Inasmuch as there was no excess profits net income for the last preceding base period year (August 31, 1939) but a deficit in excess profits net income, no additional sum was added by petitioner to the amount of $16,083.56.

In calculating the excess profits net income of the base period year ended August 31, 1940, as limited by section 713 (f) (7), the Commissioner reduced the excess profits net income of $21,444.75 to $16,083.56, as petitioner had done on its return, and further reduced the excess profits net income for that base period year by $3,111.29 to $12,972.27. The reduction of $3,111.29 represents three-twelfths of the deficit of $12,445.15 in excess profits net income for the last preceding base period year (the year ended August 31, 1939). This latter action of the Commissioner resulted in the excess profits tax deficiency which we have before us for decision.

The only issue involved in this proceeding is one of law, and the parties agree that it is one of first impression. In so far as we have been able to ascertain, it is. The question raised by the pleadings may be stated thus: In computing its excess profits credit under the method based on income, where its last base period year ended on August 31, 1940, in applying the provisions of section 713 (f) (7) (B), must the taxpayer reduce its excess profits net income for the year ended August 31, 1940, arrived at under section 713 (f) (7) (A), by three-twelfths of

a deficit in excess profits net income for the base period year ended August 31, 1939?

Section 713 (f) is printed in the margin.[1] The particular parts of section 713 (f), commonly referred to as the growth formula section, with which we are here concerned are 713 (f) (7) (A) and (B). The parties are in agreement in the application of (7) (A). In applying that provision of the statute, petitioner and respondent agree that peitioner's excess profits net income of $21,444.75 for its fiscal year ended August 31, 1940, should be reduced by $5,361.19. This reduction represents three-twelfths of petitioner's excess profits net income for the base period year ended August 31, 1940, being the fraction of the fiscal year extending beyond May 31, 1940. In its excess profits

---

[1] SEC. 713. EXCESS PROFITS CREDIT—BASED ON INCOME.

\* \* \* \* \* \* \*

(f) AVERAGE BASE PERIOD NET INCOME—INCREASED EARNINGS IN LAST HALF OF BASE PERIOD.—The average base period net income determined under this subsection shall be determined as follows:

(1) By computing, for each of the taxable years of the taxpayer in its base period, the excess profits net income for such year, or the deficit in excess profits net income for such year;

(2) By computing for each half of the base period the aggregate of the excess profits net income for each of the taxable years in such half, reduced, if for one or more of such years there was a deficit in excess profits net income, by the sum of such deficits. For the purposes of such computation, if any taxable year is partly within each half of the base period there shall be allocated to the first half an amount of the excess profits net income or deficit in excess profits net income, as the case may be, for such taxable year, which bears the same ratio thereto as the number of months falling within such half bears to the entire number of months in such taxable year; and the remainder shall be allocated to the second half;

(3) If the amount ascertained under pargaraph (2) for the second half is greater than the amount ascertained for the first half, by dividing the difference by two;

(4) By adding the amount ascertained under paragraph (3) to the amount ascertained under paragraph (2) for the second half of the base period;

(5) By dividing the amount found under pargaraph (4) by the number of months in the second half of the base period and by multiplying the result by twelve;

(6) The amount ascertained under paragraph (5) shall be the average base period net income determined under this subsection, except that the average base period net income determined under this subsection shall in no case be greater than the highest excess profits net income for any taxable year in the base period. For the purpose of such limitation if any taxable year is of less than twelve months, the excess profits net income for such taxable year shall be placed on an annual basis by multiplying by twelve and dividing by the number of months included in such taxable year.

(7) For the purposes of this subsection, the excess profits net income for any taxable year ending after May 31, 1940, shall not be greater than an amount computed as follows:

(A) By reducing the excess profits net income by an amount which bears the same ratio thereto as the number of months after May 31, 1940, bears to the total number of months in such taxable year; and

(B) By adding to the amount ascertained under subparagraph (A) an amount which bears the same ratio to the excess profits net income for the last preceding taxable year as such number of months after May 31, 1940, bears to the number of months in such preceding year. The amount added under this subparagraph shall not exceed the amount of the excess profits net income for such last preceding taxable year.

(C) If the number of months in such preceding taxable year is less than such number of months after May 31, 1940, by adding to the amount ascertained under subparagraph (B) an amount which bears the same ratio to the excess profits net income for the second preceding taxable year as the excess of such number of months after May 31, 1940, over the number of months in such preceding taxable year bears to the number of months in such second preceding taxable year.

tax return petitioner treated the application of (7) (A) in the manner above described.

The substance of the Commissioner's position is to say to the petitioner: So far, so good, but in applying the provisions of (7) (B) you should have gone further and subtracted from the $16,083.56 which you reached under (7) (A), the sum of $3,111.29 representing three-twelfths of your deficit of $12,445.15 in excess profits net income for the last preceding base period year (the year ended August 31, 1939). By thus applying (7) (A) and (B), the Commissioner would reach a base period excess profits net income for petitioner's fiscal year ended August 31,.1940, of $12,972.27. The petitioner contends that the Commissioner's application of (7) (B) in the manner above stated is not authorized by the language of the statute nor by any Treasury regulation. We agree with petitioner. Section 713 (f) (7) (B) (printed in the margin, *supra*) reads:

(B) By adding to the amount ascertained under subparagraph (A) an amount which bears the same ratio to the excess profits net income for the last preceding taxable year as such number of months after May 31, 1940, bears to the number of months in such preceding year. The amount added under this subparagraph shall not exceed the amount of the excess profits net income for such last preceding taxable year.

The above language of the statute refers to "adding" something and not to "subtracting" something. It is true that there are some provisions of the statute where minus quantities are to be taken into consideration in doing the "adding" required by the statute, but we do not think this is one of those situations.

In section 713 (f) (7) only the term "excess profits net income" appears, demonstrating, we think, that in the application of that paragraph Congress was not concerned with "deficits in excess profits net income." If, for example, petitioner's last base period year (the year ended August 31, 1940) had shown a "deficit in excess profits tax net income," no adjustment under (7) (A) would have been required, since the application of the paragraph in that manner would give a taxpayer an undue advantage by reducing the deficit under 713 (f) (7) (A) based on the number of months after May 31, 1940, to the close of its fiscal year ended after that date.

If, as in the instant case, the last base period year shows income, but the last preceding base period year shows a deficit, then the income for the last base period year is reduced under 713 (f) (7) (A), based on the number of months after May 31, 1940, to the close of its fiscal year. Having eliminated the growth presumed to have been occasioned by the National Defense Program after May 31, 1940, by reducing the income as aforesaid under 713 (f) (7) (A) it was not, in our opinion,

intended by Congress to further reduce the base period net income for that year under 713 (f) (7) (B) by a proportionate share of the deficit in the last preceding base period year. Rather, we think, section 713 (f) (7) (B) was intended to compensate the taxpayer for the reduction under 713 (f) (7) (A) by restoring to the income of the last base period year a proportionate share of the income for the last preceding base period year. If, as in the instant case, there was no excess profits tax net income for the preceding year, then, of course, the taxpayer gets no restoration.

We think the Senate Finance Committee Report No. 75, 77th Cong., 1st sess., supports the foregoing view. The committee report, among other things, states:

The first of June 1940 marks generally the beginning of the industrial expansion under the National Defense Program. It was because of this that the amortization allowance in the Second Revenue Act of 1940 was confined to construction and acquisition after June 10, 1940. Corporations whose last taxable year in the base period extended beyond May 31, 1940, may have greatly expanded their facilities of production and, consequently, their income after that date. In giving effect to the factor of growth during the base period, equitable demands do not indicate that growth after May 31, 1940 should be taken into account.

For this reason, section 713 (f) (7), as set out in section (4) of the bill, limits the benefits to be accorded to the growth factor to increases occurring prior to June 1, 1940. In order to achieve this result in the determination of the growth factor, the excess profits net income for any taxable year in the base period ending after May 31, 1940, is reduced by the ratio which the number of months in such year after May 31, 1940, bears to the entire number of months in such year. *To such income so reduced is then added* an amount which bears the same ratio to the excess profits net income of the preceding year as the number of months after May 31, 1940, bears to the number of months in such preceding taxable year. [Italics supplied.]

The language set forth above in italics indicates, we think, legislative intent to compensate for the loss of the base period excess profits net income accrued after May 31, 1940, by the "addition" of comparative preceding income which had not been influenced by the industrial expansion occasioned by the National Defense Program beginning on June 1, 1940. Nothing at all is said in the committee report about subtracting any part of a deficit in excess profits tax net income of the preceding base period year, and we do not think any was intended. The illustrations given in the committee report emphasize this interpretation, since in every case the base period fiscal year immediately preceding the fiscal year ended after May 31, 1940, is set forth with an excess profits net income rather than a deficit in excess profits net income. The illustrations given in the Treasury regulations are substantially the same as those given in the Senate

Finance Committee report.[2] If section 713 (f) (7) (B) was intended to subtract something from the base period net income arrived at under section 713 (f) (7) (A), where the preceding base period year showed a deficit in excess profits tax net income, it seems strange that neither the Senate Finance Committee report nor the Treasury regulations give any such illustrations, although giving illustrations where the preceding base period year showed excess profits net income.

As we have already pointed out, petitioner, by applying the limitations contained in (7) (A), has reduced its excess profits net income of $21,444.75 for the base period year ended August 31, 1940, by $5,361.19, reaching a figure of $16,083.56 excess profits tax net income for that year. The Commissioner would still further reduce that figure by "adding" $3,111.29 deficit for the last three months of the base period year ended August 31, 1939.

For reasons we have already stated, we do not think that action is warranted by either the applicable statute or the Treasury regulations. Where the meaning is clear, as we think it is in this case, the statute must be enforced as written. *Girard Investment Co.* v. *Commissioner*, 122 Fed. (2d) 843. On this issue we sustain the petitioner.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

---

[2] Regulations 109 (as amended by T. D. 5045), sec. 30.713-1:

"For the purpose of computing the average base period net income thereunder, section 713 (f) (7) provides certain limitations on the amount of the excess profits net income for any taxable year in the base period ending after May 31, 1940.

"Section 713 (f) (7) (A) and (B) may be illustrated by the following example:

"*Example.* The Y Corporation makes its income tax returns on the basis of the fiscal year ending September 30. It had an excess profits net income of $400,000 for the fiscal year ended September 30, 1939. It had an excess profits net income of $600,000 for the fiscal year ended September 30, 1940, before the application of section 713 (f) (7) (A) and (B). Both of these taxable years are in its base period but four months of the fiscal year ended September 30, 1940, are after May 31, 1940. Under section 713 (f) (7) (A) and (B) the excess profits net income of the corporation for the fiscal year beginning October 1, 1939, and ended September 30, 1940, is $533,333.33, computed as follows:

(1) Excess profits net income before application of section 713 (f) (7) (A) and (B) ---- $600,000.00
(2) Amount by which item (1) is to be reduced under section 713 (f) (7) (A) (four-twelfths of $600,000) ---- 200,000.00

(3) Item (1) less item (2) ($600,000 minus $200,000) ---- 400,000.00
(4) Amount to be added to item (3) under section 713 (f) (7) (B) (four-twelfths of $400,000) ---- 133,333.33

(5) Excess profits net income for fiscal year ended September 30, 1940, after application of section 713 (f) (7) (item (3) plus item (4), $400,000 plus $133,333.33) ---- 533,333.33"